CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 18 2017

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:13CR00038-1 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| OSHAY TERREL JONES, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Defendant Oshay Terrel Jones was found guilty following a six-day trial of conspiracy to distribute 28 grams or more of crack cocaine and was sentenced to 280 months in prison. He filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, raising multiple claims of ineffective assistance of counsel and court error. The government responded and Jones replied, making this matter ripe for adjudication. After review of the record and briefs, the court concludes that Jones has not raised any meritorious claims. Accordingly, the court will grant the United States' motion to dismiss Jones' § 2255 motion and dismiss Jones' § 2255 motion.

## I. BACKGROUND

On September 26, 2013, a federal grand jury sitting in Roanoke, Virginia charged Jones and five codefendants in a one-count superseding indictment with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing crack cocaine, in violation of 21 U.S.C. § 846. Jones was appointed counsel. There were some negotiations regarding a plea deal but an agreement was never reached.

On January 21, 2014, Jones and four codefendants proceeded to trial.[1] The government argued that Jones, along with his brother, Dominique Jones, ran a cocaine trafficking conspiracy. The jury was tasked with determining whether Jones was guilty of conspiracy to distribute crack cocaine; and, if so, whether the conspiracy involved 280 grams or more of crack cocaine or, in the alternative, 28 grams or more of crack cocaine. The jury found Jones guilty of the lesser included offense of conspiracy to distribute 28 grams or more of crack cocaine. Verdict, ECF No. 272. Probation prepared a presentence investigation report ("PSR") in anticipation of sentencing. The PSR recommended a total offense level of 42, which included a two-point enhancement for possession of a firearm, a two-point enhancement for committing the offense as part of a pattern of criminal conduct engaged in as a livelihood, and a four-point enhancement for being an organizer or leader. PSR at ¶¶ 52, 53, 55 & 60, ECF No. 341. The PSR provided for a criminal history category of I, resulting in an imprisonment range of 360 to 480 months. Id. at ¶ 108. Trial counsel made numerous objections to the PSR, including an objection to the two-level enhancement for possession of a firearm and a request that the court impose a sentence based on a drug weight of between 28 and 279 grams of crack cocaine without increasing the drug weight for relevant facts found at sentencing. Id. at 26-28.

On June 26, 2014, the court sentenced Jones to 280 months' imprisonment. Judgment at 2, ECF No. 335. Trial counsel argued at the sentencing hearing that the firearm enhancement should not be applied to Jones because Jones was never found with a weapon and coconspirators who possessed weapons were actually involved in a separate conspiracy.

---

[1] One codefendant, Joshua Tyree Poindexter, pleaded guilty and testified at trial as the prosecution's main witness.

2

Sent. Hr'g Tr. at 7-8, ECF No. 406. In addition, counsel argued that Jones should not have received a leader enhancement because the evidence at trial did not support such a finding. Id. at 9. Trial counsel also argued that the drug weight attributable to Jones should not exceed 279 grams because a jury had determined that he was not guilty of conspiracy to distribute 280 grams or more of crack cocaine. Id. at 22-23. Finally, trial counsel argued that the criminal livelihood enhancement should not apply because Jones was involved in "making money with his rap business" and did not rely on drug sales for his entire income. Id. at 32. The government responded that Jones' income was derived from drug sales and that he had not made money from music sales. The court overruled the objections, concluding that there was sufficient evidence to establish that Jones was part of a conspiracy that involved at least 1.4 kilograms of crack cocaine, that the evidence of firearms belonging to coconspirators was sufficient and that Jones' income derived mainly from drug sales. Id. at 25, 37.

Jones appealed, claiming that the trial court erred by failing to require the jury to determine drug quantity, admitting audio recordings of jailhouse conversations, ordering forfeiture and imposing an unreasonable sentence. United States v. Jones, 622 F. App'x 204 (4th Cir. Aug. 24, 2015). The Fourth Circuit affirmed on all claims. Id. Jones timely filed this § 2255 motion, asserting: (1) trial counsel incorrectly advised him about the jury's role, sentencing and drug weight, which led Jones to reject a plea offer; (2) trial counsel failed to object to the PSR's drug weight determination and appellate counsel failed to appeal the issue; (3) trial counsel failed to object to the PSR's recommended gun enhancement; (4) appellate counsel failed to argue that the district court did not resolve disputed issues of fact

3

before dismissing the objections to the leadership and firearm enhancements; (5) appellate counsel failed to file a reply to government's brief; and (6) the government engaged in prosecutorial misconduct on appeal by providing false information regarding the criminal livelihood enhancement to the court of appeals.

## II. DISCUSSION

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Jones bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that his counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Id.

4

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

(1) Erroneous Trial Counsel Advice

Jones argues that his trial counsel gave him erroneous advice about whether a jury could find him guilty of conspiracy if it concluded that he was not responsible for 280 grams of crack cocaine, as alleged in the indictment. He claims that counsel told him that a jury would have to find him not guilty if it concluded that he participated in the conspiracy but was responsible for less than 280 grams of crack cocaine. Jones argues that had he understood that he could be convicted of a lesser-included offense, he would have accepted a ten-year plea agreement that the government offered, which did not include any enhancements.

Jones provided an unsigned "draft" affidavit from his trial counsel, noting that counsel believed that the drug weight, which increased Jones' mandatory minimum sentence, had to be found by a jury beyond a reasonable doubt and that the court erred by concluding that the amount of drugs seized was in excess of 1.4 kilograms. Aff. at 2-3, ECF No. 464-1. The verdict form allowed the jury to determine whether Jones was responsible for 280 grams or more of crack cocaine, or the lesser-included offense of 28 grams or more of crack cocaine. The jury found the latter.

Jones argument fails because he cannot establish prejudice. First, the court did not err by tasking the jury with determining whether Jones committed a lesser-included offense

5

than that provided in the indictment. If an indictment charges a particular drug quantity, "[a] defendant ... can, if the evidence warrants, be convicted of one of the lesser included offenses based on a smaller amount of the substance" because the lesser offense was included in the charged offense. United States v. Cabrera–Beltran, 660 F.3d 742, 753 (4th Cir. 2011) (internal quotation marks omitted). Second, Jones' counsel's unsigned "draft" affidavit did not mention anything about counsel's advice to Jones regarding the jury's task of determining guilt, including lesser-included offenses. Accordingly, even if that affidavit is legitimate, it does not support Jones' argument that counsel erroneously told Jones that a jury had to find him guilty of the entire drug amount or acquit him. But even assuming that counsel erroneously advised Jones regarding lesser-included offenses, Jones cannot show that there is a reasonable probability that he would have pleaded guilty had he been correctly advised because there is no evidence that the alleged ten-year plea deal existed. The government asserts that it never offered a ten-year deal. The government found only a draft agreement providing for a base offense level of 41, including various enhancements, which did not provide for a specific sentence. Plea Agree. at 3, ECF No. 475-6. Even allowing for a three-level reduction for acceptance of responsibility, had Jones agreed to the plea, he would have faced a potential advisory guideline range of 235 to 293 months. Jones does not claim, in his § 2255, that he would have been willing to take the plea deal that the government provided. Finally, he was sentenced to 280 months' incarceration, which falls within that potential advisory range of the plea agreement. Accordingly, Jones cannot establish a "likelihood of a result more favorable" to him had he agreed to plead guilty. Strickland, 466 U.S. at 695.

(2) <u>Failure to Object to Drug Weight</u>

Jones also argues that trial counsel failed to object to the PSR's calculation of drug weight and the evidence on which it relied and that appellate counsel failed to appeal the issue. This is not true.

Although the jury concluded that Jones was guilty of conspiracy to distribute between 28 and 279 grams of crack cocaine, the PSR concluded that, based on relevant conduct, Jones was responsible for distribution of 1.4 kilograms of crack cocaine. PSR ¶ 45, ECF No. 341. Contrary to Jones' claim, his trial counsel vigorously opposed the drug weight calculation. In his sentencing memorandum, counsel requested that the court impose a sentence based on the drug weight found by the jury: between 28 and 279 grams of crack cocaine. Again, at sentencing, counsel objected to the drug weight attributable to Jones and argued that the court should sentence him based on a weight not to exceed 279 grams. However, the court overruled the objection "essentially for the reasons stated in the [PSR]." Sent. Hr'g Tr. at 25, ECF No. 406. It concluded that the "1.4 kilograms of crack cocaine that was seized during the course of the conspiracy, that was just seized alone, is really a conservative . . . estimate of the amount of crack cocaine involved, and it establishes a base offense level of 34." <u>Id.</u>

Jones argues that the court incorrectly found that 1.4 kilograms were seized when, in fact, only 267.7 grams of crack cocaine were seized. The PSR concluded that the conspiracy involved 1.4 kilograms of crack cocaine based on "controlled buys, searches, and arrests, as well as the amount trial witnesses testified to buying or seeing." PSR ¶ 45, ECF No. 341. Jones further argues that these trial witnesses were unreliable and the court should not have

7

credited their testimony. This argument is unavailing. First, a defendant convicted of conspiracy may be held accountable for all drugs attributable to all members of the conspiracy, if reasonably foreseeable to the defendant. See United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) (noting that "the district court may attribute to the defendant the total amount of drugs involved in the conspiracy, provided the drug quantities were reasonably foreseeable to the defendant and are within the scope of the conspiratorial agreement"); United States v. Sesere, 413 F. App'x 653, 659 (4th Cir. 2011) (unpublished). Accordingly, even if 1.4 kilograms represents the amount of crack cocaine for which the conspiracy was responsible and not the amount of drugs actually seized, the court did not err by relying on that amount. It is well established that a court may "approximate the quantity of the controlled substance" attributable to the defendant using only "uncertain witness estimates" as long as it imposes a sentence "at the low end of the range" of such estimates. United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013); U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5. The court applied a base offense level of 34, corresponding to 840 grams of crack cocaine, an amount less than the 1.4 kilograms of crack cocaine for which it found the conspiracy was responsible.

Finally, although Jones claims that appellate counsel failed to raise the drug-weight issue on appeal, he is mistaken. Appellate counsel challenged the reliability of witness testimony and the drug weight attributed to Jones. The Fourth Circuit concluded, however, that Jones had failed to show that the district court "relied on unreliable information" and that the "[e]vidence in the record satisfied the minimum threshold to warrant a base offense level of 34." United States v. Jones, 622 F. App'x 204, 208 (4th Cir. 2015). Issues raised and

8

decided by the Fourth Circuit may not be revisited on collateral review. United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009). Accordingly, Jones has not established that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

(3) Failure to Object to Gun Enhancement

Next, Jones argues that his counsel erred by failing to object to the two-point gun enhancement in the PSR. This argument lacks merit because counsel did, in fact, object to the enhancement. Counsel filed an objection to the PSR and at sentencing argued that that gun enhancement should not apply to Jones because he was never found with a gun and coconspirators who were found with guns needed weapons for separate conspiracies in which they were involved. The court did not credit those arguments and overruled the objections, finding that the evidence of firearms belonging to coconspirators was sufficient to support the enhancement. See United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (concluding that weapons carried by a coconspirator are attributable to the defendant when such possession is foreseeable and it is often foreseeable that firearm possession accompanies illegal drug sales). In addition, the gun-enhancement issue was raised on appeal, and the Fourth Circuit concluded that the district court had not erred in applying it. Jones, 622 F. App'x at 208; Linder, 552 F.3d at 396. As a result, Jones cannot establish deficient performance. Strickland, 466 U.S. at 687.

(4) Challenge to Leadership and Firearms Possession Enhancements

Next, Jones claims that appellate counsel erred by failing to argue that the district court did not resolve disputed issues of fact before applying the leadership and firearm

9

enhancements. Specifically, Jones claims that a witness at trial presented conflicting testimony about whether Jones ran the drug ring and that although trial counsel objected to the leadership enhancement in the PSR at sentencing, the court never directly addressed the issue before overruling it. In addition, Jones argues that with regard to the firearm enhancement, there was no evidence to prove that he or anyone in the conspiracy possessed a firearm but the court overruled the objection without a determination on the record that Jones or other members of the conspiracy possessed firearms.

As Jones acknowledges, appellate counsel argued to the Fourth Circuit that the district court should not have applied the leadership and firearms enhancements. Op. Brief at 44-47, ECF No. 475-4. Contrary to Jones' claims, appellate counsel relied on the disputed issues of fact to make its argument. Appellate counsel argued that the district court had not made findings about the leadership enhancement on the record, merely relying on the reasoning set forth in the PSR. Id. at 46. In addition, appellate counsel noted, with regard to the firearms enhancement, that "the recitation of the information in the" PSR was erroneous. Id. at 44. The Fourth Circuit considered and rejected these claims, finding "no procedural error." Jones, 622 F. App'x at 208. Because the Court of Appeals considered and addressed these claims, Jones' ineffective assistance of counsel claim fails. Linder, 552 F.3d at 396.

(5) Failure to Reply to Government Response Brief on Appeal

Jones asserts that his appellate counsel was ineffective for failing to file a reply brief in the Fourth Circuit, challenging the government's evidence in support of the criminal livelihood enhancement. Appellate counsel argued that the district court should not have

applied the criminal livelihood enhancement in its opening brief to the Fourth Circuit. Appellate counsel argued that Jones made significant income from his music career and relatively little money from drug sales, which would render the enhancement inapplicable. Open. Brief at 47, ECF No. 475-4. Jones asserts, however, that appellate counsel erred by failing to challenge what Jones argues was a false statement made by the government in its response: that Jones had spent $200,000 on his music career and that money came from drug sales.

Jones told his appellate counsel to file a reply brief. Appellate counsel explained, however that "[i]f all we have to say is 'the government missed the point and misstated the facts,' then that is not a sufficient basis for filing a reply." Exh. 5, ECF No. 448. "[C]ounsel has wide latitude in deciding how best to represent a client." Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003). Appellate counsel, in an affidavit, provided that she and co-counsel "had fully set forth our arguments in our opening brief." Aff. ¶ 16, ECF No. 475-5. Although a defendant "may file a brief in reply to the appellee's brief," there is no requirement that such a brief be filed. Fed. R. App. P. 28(c). The Fourth Circuit possessed the entire record of the trial and sentencing as well as the opening brief from appellate counsel. It considered the criminal livelihood enhancement challenge, and concluded that it should stand. Jones, 622 F. App'x at 208. Even assuming that the $200,000 amount was incorrect, Jones cannot show that had this fact been challenged in a reply brief, it would have produced "a result more favorable" to him. Strickland, 466 U.S. at 695. Accordingly, Jones cannot show that he suffered prejudice sufficient to sustain an ineffective assistance of counsel claim.

11

## B. Prosecutorial Misconduct

Finally, Jones argues that the government deliberately provided false information to the Fourth Circuit in support of the criminal livelihood enhancement. Specifically, Jones asserts that the government's brief included the false statement that Jones "admitted" to spending $200,000 on his music career, which "showed that [he] derived substantial income from [the] crack business." Resp. Brief Ex. 2, ECF No. 448. Jones argues that he never made this admission.

Prosecutorial misconduct occurs when the prosecutor's statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). In order to obtain relief, a defendant must establish (1) the prosecutor's remarks were improper, and (2) that such remarks prejudicially affected the defendant's substantial rights resulting in the deprivation of a fair trial. Id.

Jones can establish neither element. First, at sentencing, both the government and defense discussed text messages on Jones' phone that suggested he spent $200,000 on rap-related expenses. Defense counsel argued that that number consisted of "goals" and that there was no evidence that he actually possessed or spent that sum of money. Sent. Hr'g Tr. at 35-36, ECF No. 406. Nonetheless, Jones' phone did include the $200,000 figure. Even if that number was grossly exaggerated, however, Jones cannot establish prejudice. Appellate counsel argued to the Fourth Circuit, in accordance with the argument trial counsel made at sentencing, that the government "erroneously relied" on facts to support the criminal livelihood enhancement and explained why the enhancement should not apply.

12

Opening Br. at 48, ECF No. 475-4. Because appellate counsel challenged the reliability of the government's evidence, Jones cannot establish that his substantial rights were violated by the government's reliance on the $200,000 sum in its response. As a result, this claim too, lacks merit. Scheetz, 293 F.3d at 186.

### III.

For the reasons stated, the court **GRANTS** the government's motion to dismiss, ECF No. 475, and **DISMISSES** Jones' motion and amended motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 448, 452, & 464. Because Jones has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

ENTER: This 18th day of January, 2017.

/s/ Michael F. Urbanski
United States District Judge