CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 10 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:13CR00038-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OSHAY TERREL JONES, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Defendant Oshay Terrel Jones, a federal inmate proceeding pro se, filed a motion for reconsideration, requesting that the court review various issues that he previously raised in his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 448). The court addressed those issues in its January 18, 2017 memorandum opinion in which it granted the government's motion to dismiss, dismissed Jones' § 2255 motion, and denied a certificate of appealability in the accompanying order.

Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds upon which a party may seek relief from a final judgment, order or proceeding. Those grounds include: mistake, newly discovered evidence, fraud, a void judgment, a satisfied judgment, or any other reason that may justify relief. Fed. R. Civ. P. 60(b)(1)-(6). However, in cases that have proceeded under 28 U.S.C. § 2255, the district court "must examine Rule 60(b) motions . . . to determine whether such [a] motion[] is tantamount to [a] successive application[]." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). If the petitioner is attempting to again attack his underlying conviction or sentence, then the motion for reconsideration "will usually amount to a successive application." Id.

Here, Jones attempts to challenge his sentence by raising the same grounds for relief

as he did in his original § 2255; this includes a claim for ineffective assistance because counsel failed to challenge to the drug weight calculation in the Presentence Investigation Report, including drugs seized from two houses which were attributed to Jones as part of the conspiracy, and court error for applying a guideline range based on a drug weight of between 840 grams and 2.8 kilograms of crack cocaine. Therefore, his motion for reconsideration is, in fact, a second or subsequent motion under 28 U.S.C. § 2255(h). Id.

The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Jones has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court is without jurisdiction to consider it. Winestock, 340 F.3d at 208-09. Based upon the court's finding that Jones has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 10th day of March, 2017

/s/ Michael F. Urbanski
United States District Judge