CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
June 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 7:13-cr-00038 |
| v. | ) |
| | ) |
| OSHAY TERRELL JONES, | ) By: Michael F. Urbanski |
| Defendant/Petitioner | ) Chief United States District Judge |
| | ) |

### <u>MEMORANDUM OPINION</u>

This matter comes before the court on a <u>pro se</u> motion for relief filed by defendant Oshay Terrell Jones, seeking a sentence reduction pursuant to 18 U.S.C. § 3582. ECF No. 797.[1] For the reasons discussed below, the court **DENIES** the motion.

### I.

On September 26, 2013, Jones and five codefendants were indicted in a superseding indictment on one count of conspiracy to distribute 280 grams or more of cocaine base, or "crack," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Superseding Indictment, ECF No. 159. Jones was tried by a jury, which found him guilty of conspiracy to distribute more than 28 grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Jury Verdict, ECF No. 272. On June 26, 2014, Jones was sentenced to a term of 280 months, to be followed by a six-year term of supervised release. J., ECF No. 335. Jones filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 and on April 9, 2020, the court granted in part Jones' motion. ECF Nos. 684, 685. On December 23, 2020, the court entered an amended judgment in Jones' case, reducing his sentence to 168 months to be followed by a 6-year term of

---

[1] Jones has another motion pending, ECF No. 801, which will be addressed separately.

supervised release. Am. J., ECF No. 748. Jones currently is incarcerated at Federal Correctional Institution Petersburg Low and has a projected release date of February 26, 2026.[2]

## II.

Jones seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). "A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c)." United States v. Foye, No. 7:07CR00069-04, 2016 WL 2755923, at *1 (W.D. Va. May 11, 2016) (citing United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010)). One limited exception to this rule is found in 18 U.S.C. § 3582(c)(1)(A) (2018), which provides the following:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This

---

[2] https://www.bop.gov/inmateloc/ (search "Oshay Terrell Jones") (last viewed June 3, 2024).

requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Jones asserts that he submitted his request for compassionate release by filing a "BP-9" with the Warden of his facility and received no response. The court assumes for purposes of this motion that Jones sought an administrative remedy and that he thus has satisfied the statute's exhaustion requirement.

The court next must turn to the merits of Jones' motion. Effective November 1, 2023, the United States Sentencing Commission amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL §3E1.1 (NOV. 2023) ("USSG" or "guidelines"). The revised guidelines will be applied to Jones' argument.

Jones argues that if he were sentenced for the same offense today as when he was resentenced in 2020, his sentence would be substantially shorter and that the disparity in the two sentences presents an extraordinary and compelling reason for a sentence reduction. The revised guidelines provide that a defendant is eligible for a sentence reduction if he can show the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed

at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§ 1B1.13(b)(6) and (c).

Jones has been in exclusive federal custody since February 8, 2014, and therefore has served at least 10 years of his 168-month sentence. Resp. to Inmate Req., ECF No. 801 at 6. Accordingly, he satisfies the first prong of § 1B1.13(b)(6).

Jones argues he is entitled to a sentence reduction based on a memorandum distributed to federal prosecutors by United States Attorney General Merrick Garland on December 16, 2022. Mem. from the Att'y Gen. to All Federal Prosecutors (Dec. 16, 2022). In the memorandum, Garland states that the Justice Department supports elimination of the crack-to-powder sentencing disparity. Id. He directs that in cases in which Title 21 mandatory minimum sentences are applicable based on drug type and quantity, prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant satisfies certain criteria. Id. at 1–2. The memorandum further directs that if charging a mandatory minimum term of imprisonment under Title 21 for a drug offense involving crack cocaine is deemed warranted, prosecutors should charge the pertinent statutory quantities that apply to powder cocaine offenses. Id. at 5. In addition, at sentencing, prosecutors should

advocate for a sentence consistent with the guidelines for powder cocaine rather than crack cocaine, and where a court concludes that the crack cocaine guidelines apply, prosecutors generally should support a variance to the guidelines range that would apply to the comparable quantity of powder cocaine. Id.

Jones argues that because he was sentenced for distribution of 28 grams or more of crack cocaine, he is entitled to a reduction in his sentence to reflect what his sentence would have been if he were convicted of distributing 28 grams or more of powder cocaine. Mot., ECF No. 797. Jones was charged with conspiracy to distribute 28 grams or more of crack cocaine, which, at the time he was resentenced in 2020, carried a statutory sentence of 5 to 40 years. 21 U.S.C. § 841(b)(1)(B) (2018). If Attorney General Garland's memorandum had been in effect and prosecutors wanted to charge Jones with conspiracy to distribute 28 grams of crack cocaine, they would have been directed to indict him for violation of 21 U.S.C. § 841(b)(1)(C), which has no mandatory minimum sentence and has a maximum sentence of 20 years. Jones argues that in order to eliminate the disparity between the sentence he received in 2020 and the sentence he would receive today, he needs to be resentenced under the terms of Garland's memorandum.

While Jones' pro se argument that the law has changed is intuitively appealing in light of the compassionate release statute and USSG § 1B1.13, the memorandum also provides that the policies contained therein "are intended solely for the guidance of attorneys for the government. They are not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation with the United States." Id., n.4 (citing Justice Manual § 9-27.150 (updated Feb. 2018) and United States v. Caceres,

5

440 U.S. 741 (1979)). Given the caveat in the memorandum and the lack of any authority to the contrary, the court must **DENY** Jones' motion for a sentence reduction based on Garland's memorandum as it does not provide an extraordinary and compelling reason for a sentence reduction.

### III.

For the reason stated, Jones' motion for a sentence reduction, ECF No. 797, is **DENIED**. An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 5, 2024

Michael F. Urbanski
Chief United States District Judge