CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
October 04, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:13-cr-00038 |
| v. ) | |
| ) | |
| OSHAY TERRELL JONES, ) | By: Michael F. Urbanski |
| Defendant/Petitioner ) | Senior United States District Judge |
| ) | |

## MEMORANDUM OPINION

This matter comes before the court on a pro se motion for relief filed by defendant Oshay Terrell Jones, asking the court to correct what he believes to be an error in the judgment in his case. ECF No. 801. Jones asks the court to correct the error via either Rule 36 of the Federal Rules of Criminal Procedure or compassionate release. The government filed a brief in opposition to Jones' motion on July 10, 2024. ECF No. 809. For the reasons discussed below, the court will **DENY** the Rule 36 motion because there is no clerical error in the judgment and removing the reference to 333 days of jail credit in the amended judgment may result in Jones serving more time. The court also will **DENY** the compassionate release petition as Jones is not eligible for relief under 18 U.S.C. § 3582.

**I. Background**

On September 26, 2013, Jones and five codefendants were indicted in a superseding indictment on one count of conspiracy to distribute 280 grams or more of cocaine base, or "crack," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The conspiracy was alleged to have operated from a time unknown until on or about May 7, 2013. Superseding Indictment, ECF No. 159. Jones was tried by a jury, which found him guilty of conspiracy to distribute

more than 28 grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Jury Verdict, ECF No. 272. On June 26, 2014, Jones was sentenced to a term of 280 months, to be followed by a six-year term of supervised release. J., ECF No. 335. In the judgment, the court specified that "[t]he defendant shall receive credit for 333 days he spent in custody on related state charges in Roanoke City Juvenile and Domestic Relations Court (Docket No. JJ012118-3 1); Roanoke City General District Court (Docket No. GT11004674); and Roanoke City Circuit Court (Docket Nos. CR13000313 and 314)." Id. at 2.[1]

Jones filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 and on April 9, 2020, the court granted in part Jones' motion. ECF Nos. 684, 685. A resentencing hearing was held on December 21, 2020. When the court was pronouncing sentence, it stated it was reimposing that portion of the original judgment that gave Jones 333 days credit "for several Roanoke City convictions which were relevant conduct to the offense of conviction." Tr. of Second Sent. Hr'g, ECF No. 754 at 143. Jones' counsel asked the court to be "very specific" in its order as to which state convictions it believed Jones should receive credit for, as it appeared from the record that there was a miscalculation. Jones' counsel stated that she would ask the Virginia Department of Corrections (VDOC) to produce the records to the Bureau of Prisons (BOP) so that the correct amount of credit could be calculated, rather than have the court calculate a specific number of days. Id. at 150. The court agreed that the BOP should calculate the credit to which Jones was entitled. Id. at 150–51.

---

[1] The Hon. Samuel G. Wilson presided over Jones' trial and original sentencing. Upon Judge Wilson's retirement, the case was transferred to the undersigned.

On December 23, 2020, the court entered an amended judgment in Jones' case, reducing his sentence to 168 months to be followed by a 6-year term of supervised release. Am. J., ECF No. 748. The amended judgment stated:

> The defendant shall receive credit for days spent in state custody on related state charges in Roanoke City Juvenile and Domestic Relations Court (Docket No. JJ012118-3 1); Roanoke City General District Court (Docket No. GT11004674); and Roanoke City Circuit Court (Docket Nos. CR 13000313 and 314). The original judgment docketed on June 26, 2014, ECF NO. 335, calculated this credit for related state charges at 333 days.

Id. at 2.

On March 7, 2022, Jones filed a pro se motion seeking to correct what he called a clerical error in his judgment. He pointed out that in his original sentence, the court specified that he was to receive credit for days spent in state custody on related charges, and the court calculated the time credit as being 333 days. Mot., ECF No. 787 at 1. And then, at the resentencing in December 2020, the court agreed to "drop the 333 days" and allow the Bureau of Prisons (BOP) to recalculate his sentence based on records from the facilities where he had been held. Id. Jones asked in his March 7, 2022, motion for the court to amend its judgment to reflect the court's intent at sentencing that it would "drop the 333 days Jail Credit" from the original judgment and allow the BOP to recalculate his jail credit based on state court records of his periods of incarceration. Id. at 2.

In response to Jones' motion, the court stated the following:

> In his pro se Motion to Correct a Clerical Error in Judgment, ECF No. 787, Jones contends that the Bureau of Prisons should independently calculate the dates for which he should receive credit, rather than simply adopt the 333 days calculated by the court in the original judgment, J., ECF No. 335 at 2, based upon dates reported in the original PSR. In his pro se motion, Jones

3

> misapprehends the slight difference between the original Judgment and the Amended Judgment as regards the 333 days credit calculated in the original Judgment. As referenced above, in the Amended Judgment, the court did not enumerate a specific number of days for which Jones should receive credit, but rather noted that "[t]he original judgment docketed on June 26, 2014, ECF No. 335, calculated this credit for related state charges at 333 days." Am. J., ECF No. 748, at 2. It was the court's intention, consistent with its understanding of the Bureau of Prisons' policy and practice, that the Bureau of Prisons calculate the credit for time served that Jones is to receive for the four prior state sentences listed on page 2 of the Amended Judgment. As this calculation of credit by the Bureau of Prisons for the four sentences listed on page 2 of the Amended Judgment appears to be the remedy that Jones seeks in his pro se motion, ECF No. 787, it is **DENIED as MOOT**.

Order, ECF No. 788 at 4–5. Thus, based on its belief that the BOP would understand from the judgment that it would credit Jones' sentence with the time he spent in custody on the four state sentences listed in the judgment, and that it was not limited to crediting Jones with 333 days, the court declined to amend the amended judgment.

In the motion currently pending before the court, Jones argues that his sentence is not being credited with time he spent in custody from November 8, 2013, through February 8, 2014. He asks the court to "clear this matter up" or reduce his sentence by three months pursuant to 18 U.S.C. § 3582(c)(1)(A) so that he can receive credit for all the time he spent in state custody. Mot., ECF No. 801.

II. Discussion

A. Sentence Credit

It is well-established that the Attorney General, though the BOP, has the responsibility of administering federal sentences. United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). In order to fulfill its duty, the BOP must know how much of the sentence

4

the offender has left to serve. Id. "Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." Id.

Indeed, "[t]he sentencing court has no authority 'to compute the amount of the credit' or 'to award credit at sentencing.'" Barnes v. Masters, 733 F. App'x 93, 98 (4th Cir. 2018) (quoting Wilson, 503 U.S. at 333–34). "Therefore, the sentencing court cannot order the BOP to award prior custody credit, which effectively means that the sentencing court cannot pronounce a sentence and order 'credit for time served.'" Id.

In calculating a sentence, the BOP adheres to 18 U.S.C. § 3585(b):

> **b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The statute makes clear that that an inmate cannot be given credit toward his sentence for time served it if has been credited toward another sentence. Wilson, 503 U.S. at 337; Barnes, 733 F. App'x at 94.

However, at sentencing, a court can apply United States Sentencing Guideline (USSG) § 5G1.3, which addresses imposition of a sentence on a defendant subject to an undischarged term

of imprisonment or anticipated state term of imprisonment, to reduce a defendant's sentence to reflect the time spent in state custody. The guideline provides the following:

> (b) If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

"Specifically, the application notes instruct the sentencing court to make an adjustment, pursuant to § 5G1.3(b), to the sentence ultimately imposed to account 'for any period of imprisonment already served ... if the court determines that the period of imprisonment will not be credited to the federal sentence by the [BOP].'" Barnes, 733 F. App'x at 97 (quoting USSG § 5G1.3 cmt. 2). At his resentencing, Jones did not ask the court to employ USSG § 5G1.3(b) to reduce his 168-month sentence by the time he had spent in state custody for relevant conduct. Rather, Jones asked the court to allow the BOP to review Jones' state conviction records and calculate the appropriate credit. The amended judgment listed the specific state court convictions for which Jones was to receive credit and indicated that the original judgment calculated the credit for related state charges at 333 days. Am. J., ECF No. 748, at 2.

It appears from a BOP Memorandum entitled "Per DSCC Team Foxtrot," submitted by Jones, that the BOP has credited Jones a total of 468 days, including 333 days for prior

6

state jail credit ending on November 8, 2013, and 135 days for jail credit in the custody of the U.S. Marshal from February 8, 2014, to June 22, 2024. ECF No. 801 at 6.[2] Jones believes that he is entitled to an additional 92 days of credit for time he spent in state custody between November 8, 2013, through February 8, 2014, and asks the court to credit him with this time either by correcting a clerical error under Rule 36 or granting him compassionate release. The BOP Memorandum recites the text of the original and amended judgments regarding the credit Jones is to receive for time spent in state custody, and references 18 U.S.C. § 3585(b).

The BOP Memorandum concludes:

> His federal computation was computed with 333 days of jail credit, <u>contrary</u> to Title 18 U.S.C. § 3585(b) from 9-12-2008 thru 09-15-2008, 10-14-2008 thru 10-27-[2008], 01-20-[2009] thru 2-10-2009, 02-27-2011, 12-02-2011 thru 12-06-2011, 09-04-2012 thru 09-05-2012, 11-30-2012 thru 11-30-2012, and <u>01-29-2013 thru 11-08-2013</u> as ordered by the court.
>
> Per Virginia Department of Corrections, he was sentenced to a 14-month term of imprisonment on 04-01-2013 and received credit from <u>01-29-2013 thru 02-07-2014</u>. He completed the state cases on 02-07-2014 and was released to exclusive federal custody of the USM 02-08-2014, therefore he received applicable jail credit from 02-08-2014 thru 06-22-14, pursuant to 18:3585(b), for a total of 468 days of jail credit applied. His federal DCB is 06-23-2014, the date it was imposed.
>
> His sentence has been computed as directed by federal statute, the intent of the Court, and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

<u>Id.</u> (emphasis added). It appears from this memorandum that the BOP does not believe Jones is entitled to <u>any</u> credit for the sentence he served from January 29, 2013, through February 7,

---

[2] The government explained in its response that the memorandum was a response from the BOP's Designation and Sentence Computation staff to a complaint Jones filed about the calculation of his time-served credits. Resp., ECF No. 809 at 2.

7

2014, because that time was credited to his state court sentence, but the BOP awarded the credit because of the court's stated intention in the original judgment that he was to get 333 days credit. In other words, even though the original judgment specified that Jones receive 333 days credit, the BOP believes that it was contrary to 18 U.S.C. § 3585(b) to grant him credit for 284 of those days, consisting of the period between January 29, 2013, and November 8, 2013, which according to the BOP memorandum was credited against a state court sentence. The court is concerned that if it were to grant Jones' request and remove the language from the amended judgment that "[t]he original judgment calculated this credit for related state charges at 333 days," Am. J., ECF No. 748, at 2, that Jones's sentence would increase by 284 days.

### B. Rule 36

Rule 36 of the Federal Rules of Criminal Procedure provides that "[A]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." Courts employ Rule 36 to correct errors that are clerical, rather than legal, in nature. United States v. Postell, 412 F. App'x 568, 569 (4th Cir. 2011). See United States v. Buendia-Rangel, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) ("Rule 36 authorizes [courts] to correct only clerical errors, which exist when the court intended one thing but by merely clerical mistake or oversight did another.")

The Advisory Committee Notes to Rule 36 point out that Rule 36 is similar to Fed. R. Civ. P. 60(a), which provides for the correction of clerical mistakes in civil orders. Clerical mistakes have been described as "blunders in execution" rather than a court changing its mind

8

or deciding to exercise its discretion differently than it did in its original determination. United States v. Blackmon, 698 F. App'x 113, 113-114 (4th Cir. 2017) (per curiam) (citing Blanton v. Anzalone, 813 F.3d 1574, 1577 n. 2 (9th Cir. 1987)). See also Connor v. United States, No. DLC 09-0424, 2011 WL 1322402, *3 (D. Md. 2011) (quoting United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004) (quoting in turn United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996)) (noting that federal rules do not define "clerical error," but courts have held that a clerical error "'must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'")

In United States v. Powell, 266 F. App'x 263, 266 (4th Cir. 2008), the court noted that "[t]he errors most commonly subject to correction under Rule 36 are ... recording or scrivener's errors that make a difference." Id. Rule 36 has been used to amend a judgment to include an obviously omitted forfeiture order, correct a judgment that erroneously cited the controlling statute, correct the amount of a restitution order, and to correct a judgment to refer to a lesser included offense to which the defendant pled guilty rather than to the charge contained in the indictment. Id. (internal citations omitted). See also United States v. McLean, Criminal No. WDQ-10-0531, 2012 WL 259322, at *2 n. 8 (D. Md. 2012) (collecting cases and citing examples of clerical errors to include written judgment stating defendant had been convicted under statute different from that orally imposed by the court; statement in judgment that defendant was sentenced to 77 months in prison when court had orally imposed 83-month sentence; and statement in written judgment that sentences would run concurrently when court had pronounced that they would run consecutively) and Black v. United States, No. 2:94-CR-15-BO-9, No. 2:14-CV-35-BO, 2015 WL 12916995, *1 (E.D.N.C. 2015)

(denying Rule 36 motion to correct drug quantity in PSR when court made the drug quantity findings itself and noting that what petitioner actually sought was to amend the amount of drugs found by the court at sentencing).

The court finds that the amended judgment in this case does not contain an actual error or oversight, because it was the court's intention at the resentencing to have the BOP calculate the credit to which Jones was due, while noting that in the original judgment the court calculated the time he spent in state custody as being 333 days. It appears from the memorandum that the BOP has done so. As such, there is no clerical error to correct.

### C. Compassionate Release

Jones also asserts that the court can correct the perceived error via a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A). However, a sentence reduction is not available to Jones under the statute on the facts of this case.

A defendant can move for a sentence modification under 18 U.S.C. § 3582(c)(1)(A). The statute, as amended by the First Step Act of 2018, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In May 2023, the United States Sentencing Commission adopted revised guidelines and policy statements that became effective November 1, 2023. The guidelines that address sentence reductions under 18 U.S.C. § 3582(c)(1)(A), also known as motions for "compassionate release" describe several "extraordinary and compelling reasons" that warrant a sentence reduction. USSG § 1B1.13(b). Those reasons include medical circumstances of the defendant, the age and health of the defendant, family circumstances of the defendant, that the defendant was abused by a correctional officer, unusually long sentences, and "other reasons" that are similar in gravity to those described. All the reasons have requirements that must be met and specific caveats that a court must consider before it can find that an "extraordinary and compelling reason" exists for a sentence reduction.

Jones' request for a 92-day sentence reduction because he believes the BOP is not correctly calculating his sentence is not listed as a reason for compassionate release under USSG § 1B1.13(b). Moreover, as discussed above, the court believes that the BOP is correctly calculating Jones' sentence and is awarding him 333 days of credit which the sentencing court ordered to be applied to his sentence although the BOP notes that the award of such credit is contrary to 18 U.S.C. § 3585(b). In any event, if Jones wishes to challenge the BOP's calculation of his sentence, he should do so via a motion brought pursuant to 28 U.S.C. § 2241 and not a motion for compassionate release. See United States v. Snead, 664 F. App'x 270, 271 (4th Cir. 2016) ("[A] federal prisoner must challenge the calculation of his sentence via

11

the appropriate administrative channels, and if necessary, in a habeas petition under 28 U.S.C. § 2241.") For these reasons, the court **DENIES** Jones' request for compassionate release.

### III. Conclusion

For the reasons stated above, Jones' motion for a sentence reduction, ECF No. 801, is **DENIED**. An appropriate order will be entered.

It is so **ORDERED.**

Entered: October 2, 2024

Michael F. Urbanski
Senior United States District Judge